## PATTERSON *v.* GALA REALTY CO.

1. CONTRACTS—SALE OF REALTY—PURCHASE OF BAR—LIQUOR CONTROL COMMISSION APPROVAL.

   Non-occurrence of a condition in a contract for the sale of a bar that the liquor control commission must approve transfer of the ownership of the liquor license of the bar can relieve a prospective purchaser from liability if he takes the necessary steps to complete the purchase.

2. SAME—PURCHASE OF BAR—MISREPRESENTATION—CONDITION PRECEDENT.

   Finding of trial court that plaintiff did nothing after execution of an agreement between himself and real estate broker for purchase of bar to thwart or frustrate the transfer of the bar liquor license to himself *held*, legally correct and refusal of commission approval of liquor license transfer to be a failure of a material condition precedent in the contract to purchase the bar, even though plaintiff misrepresented his past criminal record to broker, and failed to disclose fully his past record to the liquor control commission which denied license transfer because of the failure of full disclosure and other reasons related to his past criminal record.

Appeal from Common Pleas Court of Detroit, O'Hair (John P.), J. Submitted Division 1 February 8, 1968, at Detroit. (Docket No. 3,097.) Decided August 26, 1968.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 30 Am Jur, Intoxicating Liquors §§ 167–170.
   Right of one who acquires title to, or other interest in, real property to benefit of a license previously issued by the public, permitting use of property for a specified purpose, 131 ALR 1339.

Declaration by Donald C. Patterson against Gala Realty Company, a Michigan corporation, for return of purchase money deposit. Judgment for plaintiff. Defendant appeals. Affirmed.

*Robert M. Meyers,* for plaintiff.

*Paruk & Miller (Robert F. Golen,* of counsel), for defendant.

BURNS, P. J.   Plaintiff was awarded a judgment against the defendant Gala Realty Company for the return of $5,000, a deposit made by plaintiff to Gala on the purchase of a bar owned by defendant Fowler (who is not a party to this appeal).

The agreement to purchase provided that the offer was subject to the liquor control commission's approval of a transfer of ownership of the liquor license from Fowler to plaintiff. The commission denied the license transfer because plaintiff had not fully disclosed his criminal record on the application for transfer and because of other reasons related to his past criminal record. After being notified of the denial, plaintiff demanded the return of his $5,000 deposit, but Gala refused to return it. As an affirmative defense and not by way of counterclaim to plaintiff's action seeking to recover the money, Gala alleged that plaintiff failed to perform by making the following misrepresentation in his offer to purchase:

"A. For the purpose of inducing the broker to accept the deposit herewith made   *   *   *   the undersigned represents:   *   *   *

"III. He is of good health and of good moral character and has never been arrested nor convicted of any felony, sex crime or gambling violations, and knows of no reason which would interfere with or

cause the Michigan liquor control commission or any other authority to deny a transfer of said licenses to him."

The trial judge held that the commission's approval of the liquor license transfer was a material condition which had not been met and therefore plaintiff was entitled to recover the deposit.

Gala contends that plaintiff's false representation violated his agreement to "complete the purchase" and that, therefore, according to the terms of the contract, plaintiff is liable to Gala for $5,000, an amount equal to 10 percent of the sales price, as its commission for services rendered.

The nonoccurrence of a condition of liquor control commission approval in a contract for the sale of a bar can relieve a prospective purchaser from liability if he takes the necessary steps to complete the purchase. *Landa v. Schmidt* (1961), 362 Mich 561.

The trial court's finding that plaintiff "did nothing after the execution of the agreement between h[im] and Mr. Fowler to thwart or frustrate the actual transfer" is legally correct but morally inaccurate. Plaintiff's failure to fully disclose his criminal record appeared to be an overzealous effort on his part to complete the transaction. This Court, of course, condemns attempts to deliberately mislead anyone, but in the context of the action now being reviewed, such attempts do not defeat the operation of the clear terms of the contract. The nonoccurrence of the fatal condition of commission approval obligated Gala to return the $5,000 to plaintiff.

Judgment affirmed. Costs to plaintiff-appellee.

Holbrook and Peterson, JJ., concurred.